FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 08, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CARL TORKELSON, CANDI TORKELSON, TINA BRYANT, and TORKELSON CONSTRUCTION INC., doing business as TORKELSON RENTAL PROPERTIES<br><br>Defendants. | No. 1:22-cv-03011-MKD<br><br>CONSENT ORDER |

Before the Court is the parties Stipulated Consent Order. The United States filed a Complaint in this action on January 28, 2022, to enforce the provisions of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 to 3631 ("Fair Housing Act"). The United States filed this action on behalf of Complainant Matthew McCoy in accordance with 42 U.S.C. § 3612(o). Matthew McCoy resided in a townhome located at 605 Southern Avenue, Unit 3-I, Selah,

ORDER - 1

WA 98942 ("Subject Property"), a "dwelling" under the Fair Housing Act, 42 U.S.C. § 3602(b), at times relevant to the Complaint. Defendants owned and managed the Subject Property at all times relevant to the Complaint.

The United States' Complaint alleges that Defendants:

1. Discriminated in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of disability, in violation of 42 U.S.C. § 3604(f)(2);

2. Failed to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may have been necessary to afford such person equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B); and

3. Made statements with respect to the rental of a dwelling that indicated a preference, limitation, or discrimination on the basis of disability or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c).

Plaintiff and Defendants (collectively "the parties") agree that, to avoid costly and protracted litigation, the claims against Defendants should be resolved without further proceedings or a trial. By agreeing to the terms of this Consent Order, Defendants do not admit to violating the Fair Housing Act. This Consent

ORDER - 2

Order resolves all claims in the Complaint against Defendants. The Court has reviewed the record and is fully informed.

## GENERAL INJUNCTION

**It is hereby STIPULATED, ADJUDGED, and ORDERED as follows:**

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

5. Defendants, their agents, their employees, and all others in active concert or participation with them, will not discriminate on the basis of a disability as prohibited by the Fair Housing Act, and are hereby enjoined from:

   a. Discriminating against any person in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, because of a disability, or because of the disability of someone associated with that person, in violation of 42 U.S.C. § 3604(f)(2);

   b. Refusing to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford an equal opportunity to use and

ORDER - 3

        enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B); and

   c.   Making statements with respect to the rental of a dwelling that indicated a preference, limitation, or discrimination on the basis of disability or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c).

**POLICY CONCERNING REQUESTS FOR ASSISTANCE ANIMALS**

6.   Within 30 days of the entry of this Consent Order, Defendants shall adopt the assistance animal policy ("New Policy") set forth in Appendix A for implementation at all dwellings owned or managed by Defendants.

7.   The New Policy, once adopted, shall supersede all existing policies, procedures, and resolutions concerning or affecting approval of reasonable accommodations involving assistance animals at dwellings owned or managed by Defendants.

8.   No later than 14 days after adoption of the New Policy, Defendants shall apprise each of their employees, agents, and any other persons responsible for the rental of units at a dwelling owned or managed by Defendants of each person's obligations under this Consent

ORDER - 4

Order, including but not limited to the New Policy, and under the Fair Housing Act. Defendants shall provide a copy of this Consent Order to each such employee, agent, or other person. Each employee, agent, or other person covered by this paragraph shall sign a statement in the form of Appendix B acknowledging that he or she has received and read the Consent Order, stating that he or she understands the Consent Order, and declaring that he or she will perform his or her duties in accordance with this Consent Order and the Fair Housing Act.

9. During the term of this Consent Order, new employees, agents, and any other persons responsible for the rental of units at a dwelling owned or managed by Defendants shall (a) be apprised of the contents of this Consent Order, including but not limited to the New Policy, and of their obligations under the Fair Housing Act, when their term, employment, or agency commences; (b) be given copies of this Consent Order and the New Policy; and (c) execute the statement contained in Appendix B no later than 5 days following their first day of employment.

**REPORTING AND RECORD KEEPING**

10. Defendants shall notify and provide documentation to the United States

ORDER - 5

of the following events within 14 days of their occurrence:

    a.    The adoption, in accordance with Part III of this Consent Order, of the New Policy;

    b.    The implementation of any change to the New Policy;

    c.    Any denial of a request for a reasonable accommodation involving an assistance animal at any dwelling owned or managed by Defendants, including the requester's name, address, e-mail, and telephone number, the date of the request, the details of the request, and the written explanation provided to the requester for denying the request;

    d.    Any conditions proposed or imposed by Defendants on a tenant or prospective tenant who keeps or requests to keep an assistance animal, including the resident's name, e-mail, address, and telephone number, and the details of the request and the reason(s) for any proposed conditions; and

    e.    Any written or oral complaint against Defendants regarding discrimination on the basis of disability at the Subject Property, including a copy of the written complaint itself or a written summary of an oral complaint, and the name, address, e-mail and telephone number of the complainant. Defendants

ORDER - 6

shall also promptly provide the United States with information concerning resolution of the complaint.

11. While this Consent Order remains in effect, Defendants shall preserve all records relating to their obligations under this Consent Order. Representatives of the United States shall be permitted, upon providing reasonable notice to Defendants, to inspect and copy at reasonable times any and all records related to Defendants' obligations under this Consent Order.

## RELIEF FOR COMPLAINANT MATTHEW MCCOY

12. Within 14 days of the entry of this Consent Order, Defendants shall deliver to the United States a check payable to Matthew McCoy in the amount of $6,000. Such check shall fully satisfy any claim by Mr. McCoy against Defendants relating to the events giving rise to this lawsuit or his tenancy at the Subject Property.

13. As a prerequisite to receiving payment pursuant to Paragraph 15, Mr. McCoy shall execute a release of all claims, legal or equitable, that he may have against Defendants relating to the claims asserted in this lawsuit or his tenancy at the Subject Property. This release shall take the form of Appendix C to this Consent Order. The

ORDER - 7

United States shall deliver the signed release to counsel for Defendants.

14. In consideration of the resolution of the claims stated herein and the release of claims to be executed by Matthew McCoy, Defendants release all claims against Mr. McCoy stemming from his tenancy and eviction from the Subject Property, and waive their rights to pursue any alleged outstanding obligations relating to that tenancy and eviction.

## JURISDICTION, DURATION, AND SCOPE

15. This Consent Order is effective immediately upon its entry by the Court, and shall remain in effect for three years from the date of its entry.

16. The Court shall retain jurisdiction over this action and the parties thereto for the purpose of enforcing and modifying its terms while the Consent Order remains in effect.

17. The United States may move the Court to extend the period in which this Consent Order is in effect if the United States believes it is likely that Defendants violated one or more terms of the Consent Order or if the interests of justice so require to effectuate the rights and obligations arising from this Consent Order. This action and the

ORDER - 8

Complaint shall be deemed dismissed with prejudice upon the expiration of this Consent Order.

18. Any time limits for performance imposed by this Consent Order may be extended by mutual written agreement of the parties.

19. The terms of this Consent Order shall not be modified, revised, or altered unless mutually agreed upon in writing by the parties and approved by the Court.

20. The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution.  However, in the event Defendants fail to perform in a timely manner any act required by this Consent Order or act in violation of any provision of this Order, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance or non-performance of certain acts and an award of damages, costs, and reasonable attorney's fees that may have been occasioned by Defendants' violation or failure to perform.

ORDER - 9

21. The United States may take steps to monitor Defendants' compliance with the Agreement, including conducting fair housing tests at rental housing owned or managed by Defendants.

22. If, at any time before the expiration of this Consent Order, Defendants sell or otherwise relinquish their interest and management responsibilities for all rental dwellings to a bona fide, independent, third-party in an arms-length transaction,[1] their obligations under this Consent Order, except for Paragraphs 15 and 17, shall cease.

23. If, at any time while this Consent Order remains in effect, Defendants maintain that their obligations under this Consent Order

---

[1] For purposes of this Consent Order, "arms-length transaction" is defined as a transaction that has been arrived at in the marketplace between independent, non-affiliated persons, unrelated by blood or marriage, with opposing economic interests regarding that transaction. A transaction involving a corporate entity in which the Corporate Defendants, or any person related to the Corporate Defendants by corporate affiliation are officers, members, executives, managers, partners, employees, subsidiaries, affiliates, or agents, shall not be considered an arms-length transaction.

ORDER - 10

have terminated or changed because they have relinquished, sold, or transferred their management duties or interest in the Subject Property to a bona fide third party in an arms-length transaction, Defendants shall inform the United States within 30 days of the transaction and provide the date of the sale or transfer, copies of the sale or transfer documents, and the name(s) and contact information of the transferee.

24. If any transfer of interest in the Subject Property is not an arms-length transaction, Defendants shall remain jointly and severally liable, along with the transferee, for any violations of this Consent Order.

## COSTS OF LITIGATION

25. Expect as provided for in Paragraph 23, all parties shall be responsible for their own attorney's fees and costs associated with this action.

## TERMINATION OF LITIGATION HOLD

26. The parties agree that, as of the effective date of this Consent Order, litigation is not "reasonably foreseeable" concerning the matters described in the United States' Complaint. To the extent that any of the parties previously implemented a litigation hold to preserve

ORDER - 11

documents, electronically stored information (ESI), or things related to the matters described in the Complaint, they are no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any of the parties of any other obligations imposed by this Consent Order.

**IT IS SO ORDERED.** The District Court Executive is directed to file this order and provide copies to counsel.

DATED April 8, 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE